GEORGE G. MGDESYAN, ESQ. (SBN 225476)
MGDESYAN LAW FIRM
15260 VENTURA BLVD., PENTHOUSE 2200
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:    (818) 754-6778

Attorney for Plaintiffs,
PAULINE LISA MACARENO and
GABRIELA MACARENO By and Through Her Guardian Ad Litem
PAULINE LISA MACARENO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE LISA MACARENO and GABRIELA MACARENO By and Through Her Guardian Ad Litem PAULINE LISA MACARENO<br><br>Plaintiff,<br><br>V.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, COUNTY OF LOS ANGELES, LOS ANGELES SCHOOL POLICE DEPARTMENT, OFFICER HERMOSILLO, DOES 1-10, INCLUSIVE<br><br>Defendants. | Case Number:<br><br>PLAINTIFFS' COMPLAINT FOR DAMAGES:<br><br>COMPLAINT FOR DAMAGES:<br>(1) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, INDIVIDUAL LIABILITY;<br>(2) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, MONELL CLAIM;<br>(3) NEGLIGENCE /NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>(4) VIOLATION OF CALIFORNIA CIVIL CODE § 51.2;<br>(5) ASSAULT AND BATTERY<br><br>**[JURY TRIAL DEMAND]** |

**PRELIMINARY STATEMENT**

This is a civil rights action arising from the unreasonable search, unreasonable seizure, and false arrest of Plaintiff PAULINE LISA MACARENO by law enforcement officer of the LOS ANGELES UNIFIED SCHOOL DISTRICT, COUNTY OF LOS ANGELES, LOS ANGELES SCHOOL POLICE DEPARTMENT who threatened, assaulted, battered, falsely arrested, and subjected MS. MACARENO to excessive force.

**JURISDICTION AND VENUE**

1.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(federal question) and 28 U.S.C. §1343(3) (civil rights).   This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) as they arise out of a common nucleus of facts.

2.  At all relevant times to the facts underlying the present complaint, Plaintiff  PAULINE MACARENO (hereinafter "Plaintiff") was a resident of the County of Los Angeles, at the time of the allegations set forth herein.

3.  Venue is proper in the Central District of California under 28 U.S.C. § 1392(a) and (b) as it is the judicial district in which the claim arose.

**PARTIES**

4.     Plaintiff, PAULINE MACARENO is a competent adult

5.     Plaintiff GABRIELA MACARENO is a minor, and is the daughter PAULINE MACARENO. PAULINE MACARENO is seeking appointment of the

Court as Guardian Ad Litem for GABRIELA MACARENO. Plaintiff GABRIELA MACARENO is a resident of the State of California and resided within the jurisdiction of the State of California at all times herein alleged.

6.     Defendant COUNTY OF LOS ANGELES is, and at all times herein alleged was, a public entity organized and existing under the laws of the State of California. Upon information and belief, LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD") and LOS ANGELES SCHOOL POLICE DEPARTMENT are, and at all times herein alleged were, an agency of the County of Los Angeles.

7.     Defendant COUNTY OF LOS ANGELES and the LOS ANGELES UNIFIED SCHOOL DISTRICT has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES SCHOOL POLICE DEPARTMENT, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of threats, intimidation, coercion, arrest, and the use of force.

8.     Defendant HERMOSILLO and DOE DEFENDANTS are individuals who acted under color of the aforementioned state legal authority, and the COUNTY OF LOS ANGELES, LOS ANGELES UNIFIED SCHOOL DISTRICT and LOS ANGELES SCHOOL POLICE DEPARTMENT.  At all times relevant hereto, Defendant HERMOSILLO and DOE DEFENDANTS (collectively referred

to herein as "Individual Defendants") were individuals believed to reside in Los Angeles County.

9.     Upon information and belief, Plaintiffs allege that the LOS ANGELES SCHOOL POLICE DEPARTMENT is, and at all times herein alleged was, an agency of the LOS ANGELES UNIFIED SCHOOL DISTRICT and COUNTY OF LOS ANGELES.

10.     Plaintiffs are informed and believe and thereon allege that Defendant HERMOSILLO and DOES 1 through 10 (collectively referred to herein as "Individual Defendants"), inclusive, were employees of the COUNTY OF LOS ANGELES, LOS ANGELES UNIFIED SCHOOL DISTRICT and LOS ANGELES SCHOOL POLICE DEPARTMENT, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

## SATISFACTION OF GOVERNMENT CODE REQUIREMENTS

11. Plaintiffs have timely filed an administrative claim with the COUNTY OF LOS ANGELES and LOS ANGELES UNIFIED SCHOOL DISTRICT pursuant to Cal. Gov't Code § 910.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

12.     Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

13.     On January 12, 2017, at approximately 8:00AM Plaintiff PAULINE MACARENO (hereinafter MACARENO) was taking her daughter, GABRIELA MACARENO (hereinafter GABRIELA) to Porter Ranch Community School located at 12450 Mason Avenue.

14.     MACARENO's parked her vehicle across the school and saw an officer pull up behind her in a patrol vehicle.

15.     Defendant HERMOSILLO then approached the driver side window of MACARENO's vehicle. MACARENO pulled down her window and HERMOSILLO asked for her driver's license.

16.     MACARENO then asked HERMOSILLO if she can let her daughter GABRIELA MACARENO out of the vehicle so that GABRIELA can proceed to school before she provided her driver's license.

17.     Defendant HERMOSILLO verbally agreed and permitted PAULINE MACARENO to let GABRIELA out of the vehicle. PAULINE MACARENO then got out of her vehicle and made her way to the back passenger side of the vehicle and opened the passenger side door where her daughter was seated. MACARENO let GABRIELA out of the vehicle.

18.     At no point during this encounter did Defendant HERMOSILLO advise MACARENO to stop or not let her daughter out of the vehicle.

19.     As Ms. MACARENO advised her daughter how to cross the street to get to school, HERMOSILLO rudely made a statement to MACARENO.

20.     HERMOSILLO then, without any force or resistance by MACARENO, grabbed MACARENO's right arm. MACARENO lost balance and the Defendant HERMOSILLO then pulled MACARENO to the ground and slammed her against the ground.

21.     Defendant HERMOSILLO placed his right arm under MACARENO's neck and pushed her face into the concrete sidewalk. Officer HERMOSILLO then pinned MACARENO down, placing the weight of his body upon her, and placing his knee against her back. HERMOSILLO then bent MACARENO'S arms backwards in an upward motion causing her severe pain. Defendant HERMOSILLO continued to cause MACARENO pain despite no resistance by MACARENO.

22.     MACARENO's daughter, GABRIELA MACARENO stood there watching as her mother was slammed against the ground and had excessive force exerted upon her.

23.     MACARENO was taken into custody on January 12, 2017 and required to post bond in the amount of $10,000.00. MACARENO posted bond on

January 18, 2017. Criminal charges were brought against MACARENO in Case Number 7SV01454 for violation of Penal Code 148(A)(1) for resisting arrest.

24.     MACARENO was then taken to Northridge Hospital Medical Center Emergency Room for treatment of injuries she sustained from the incident, including lacerations to her neck, bruising to the right side of her face, lacerations to her right elbow and hands, pain to her neck and back.

25.     MACARENO was acquitted by a jury of all charges in Case Number 7SV01454 on September 19, 2017.

26.     MACARENO and GABRIELA MACARENO further suffered psychological injuries as a result of the incident, and were forced to seek treatment.

## PARTICIPATION, STATE OF MIND AND DAMAGES

27.     All Defendants acted without authorization of law.

28.     Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved or acquiesced in the violations alleged herein.

29.     As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

30.     Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

31.     Each Defendant acted with deliberate indifference to or, reckless disregard for, Plaintiffs' rights.

32.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, MACARENO and GABRIELA have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial. Plaintiff at this time is seeking medical treatment and psychological treatment due to the events of this incident, and thereby incurred and will continue to incur such damages, the amount of which to be proven at the time of trial.

33.     Due to the acts of the Defendants, Plaintiff MACARENO wrongfully remained in custody for several days.

34.     Due to the acts of the Defendants, Plaintiffs have suffered, and will continue to suffer, and is likely to suffer in the future, extreme and severe mental anguish.

35.     As a further result of the conduct of each of these Defendants, Plaintiff MACARENO suffered physical injuries and has incurred medical expenses for treatment of the injuries she sustained in this incident, and will likely incur further such damages for future care.

36.     The aforementioned acts of the Defendants, and each of them, were willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard for or with deliberate indifference to the constitutional rights of MACARENO, entitling Plaintiffs to exemplary and punitive damages in an amount to be proven at the trial of this matter.

37.     By reason of the above described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to vindicate the loss and impairment of his constitutional rights, and by reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988, California Code of Civil Procedure §1021.5 and any other applicable provision of law.

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- UNLAWFUL DETENTION, UNREASONABLE SEIZURE, EXCESSIVE FORCE (By Plaintiff PAULINE MACARENO against all Individual Defendants)

38.     Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

39.     Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his/ her person.  Defendants HERMOSILLO and DOE Defendants and each of them seized the Plaintiff on January 12, 2017.  In seizing Plaintiff's person, Defendants HERMOSILLO and DOE Defendants and each of

them acted intentionally and seized Plaintiff without probable cause and thereby in violation of Plaintiff's Fourth Amendment right.

40.     The seizure of Plaintiff was unreasonable as she was arrested without probable cause.  Upon information and belief, Defendant HERMOSILLO and DOE Defendants and each of them seized Plaintiff MACARENO without having a reasonable probability that she committed any crime including resisting arrest.

41.     Plaintiffs are informed and believe and, based on such information and belief, allege that HERMOSILLO and DOE DEFENDANTS 1-10 did not have any reasonable suspicion that she committed a crime.  Yet, officer HERMOSILLO arrested MACARENO, who never resisted any officer directive and surely did not resist arrest.

42.     In doing the forgoing wrongful acts Defendants acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth Amendment by:

      i.  Detaining Plaintiff without reasonable suspicion;

      ii.  Arresting Plaintiff without probable cause and in an unreasonable manner;

      iii.  Using excessive force upon Plaintiff by slamming her against the ground and causing her injuries.

43.     Plaintiff is informed and believes and, based on such information and belief, alleges that HERMOSILLO and DOE DEFENDANTS 1-10 subjected MACARENO to excessive force and unjustified infliction of harm by slamming her face against the ground. The conduct of the individual Defendants was surely excessive for the minor alleged traffic violation for which HERMOSILLO allegedly approached MACARENO for. The conduct of HERMOSILLO and DOE Defendants in using battery upon Plaintiff MACARENO when there existed no threats to officer safety and when MACARENO was showing no signs of resistance or force was unreasonable and excessive.

44.     Plaintiffs are informed and believe and, based on such information and belief, allege that OFFICER HERMOSILLO and DOE DEFENDANTS 1-10 acted with deliberate indifference to MACARENO's Fourth Amendment Rights.

45.     MACARENO was subjected to deprivation of rights by HERMOSILLO and DOE DEFENDANTS 1-10, and each of them, acting under color of law and of statutes, ordinances, regulations, customs and usages of the Law of United States, State of California, which rights included, but are not limited to, privileges and immunities secured to MACARENO by the Fourth Amendments to the United States Constitution and laws of the United States, and particularly her right to be free from excessive force and to be free from unreasonable seizure.

46.    As a direct and proximate result of acts and omissions of HERMOSILLO and DOE DEFENDANTS 1-10 Plaintiff sustained injuries and damages as alleged herein, in an amount to be proved.

47.    Individual Defendants violated Plaintiff PAULINE MACARENO'S federal constitutional rights; rights that were clearly established at the time of the conduct at issue:

      a.  *Unlawful Detention in Violation of Fourth Amendment Right*- Officers engaged in an unlawful detention of Plaintiff's person during the course of this alleged traffic stop; which is a seizure within the meaning of the Fourth Amendment. See *United States v. Bradford,* 423 F.3d 1149, 1156 (10th Cir.2005).

      b.  *Unreasonable Seizure of Person in Violation of Fourth Amendment Right*-

      "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County,* 693 F.3d 896, 918 (9th Cir.2012).

      Individual Defendants arrested PAULINE MACARENO without any probable clause.

      c.  *Excessive Force in Violation of Fourth Amendment Right-*

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force.

Individual Defendants used excessive force to effectuate the seizure of MACARENO. Officer HERMOSILLO'S assault and battery of MACARENO while MACARENO was already on the ground was excessive force. Officer HERMOSILLO unjustifiably placed his hand under MACARENO's neck pushing her face into the ground, and placed the weight of his body on her back. The conduct of HERMOSILLO upon MACARENO, who was 5 foot 119 pounds at the time, and posed no threat were unreasonable and a grave violation of MACARENO Fourth Amendment right to be free from excessive force.

48.   As a direct and proximate result of the aforementioned conduct of Individual Defendants, Plaintiff sustained injury and damage as alleged herein, in an amount to be proved.

## SECOND CAUSE OF ACTION

**DEPRIVATION OF CIVIL RIGHTS –**
**42 U.S.C. § 1983 – MONELL CLAIM**
**(By Plaintiff PAULINE MACARENO Against Defendants COUNTY OF LOS ANGELES, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT)**

49.   Plaintiffs reallege all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

50.     Plaintiff MACARENO is informed and believe, and thereon alleges, that, at all times herein mentioned, Defendant COUNTY OF LOS ANGELES (hereinafter COUNTY), LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT, with deliberate indifference to, and/or conscious or reckless disregard for the safety and constitutional rights of PAULINE MACARENO, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied unconstitutional policies, practices and customs, including, but not limited to:

a.     Subjecting citizens, including MACARENO, to unreasonable use of force against their persons;

b.     Subjecting citizens, including MACARENO, to unreasonable seizures without probable cause;

c.     The failure to institute, require and enforce proper and adequate training, supervision, policies, and procedures concerning applying force;

d.     The failure to institute, require and enforce proper and adequate training, supervision, policies, and procedures regarding the requisite knowledge of the reason for the stop, and seizure.

e.     The cover-up of violations of constitutional rights by any or all of by failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies, practices, and procedures described above in paragraphs (a) through (d);

51.     The actions of the COUNTY, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT set forth herein were a moving force behind the violations of Plaintiff PAULINE MACARENO's constitutional rights as set forth in this complaint.

52.     As a direct and proximate result of Defendant COUNTY, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT policies, practices, and customs, Plaintiff sustained injury and damage as alleged herein, in an amount to be proved.

### THIRD CAUSE OF ACTION

**NEGLIGENCE / NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(By GABRIELA MACARENO and PAULINE MACARENO Against All Individual Defendants)**

53.     Plaintiffs reallege all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

54.     OFFICER HERMOSILLA and DOE Defendants owed Plaintiff MACARENO a duty of care.

55.     Individual Defendants breached the duty by failing to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise.

56.   There was a proximate causal connection between the Individual Defendants' negligent conduct and MACARENO's resulting injuries and damages.

57.   OFFICER HERMOSILLO owed Plaintiff MACARENO as a citizen a duty not to subject her to unreasonable force.  HERMOSILLO and DOE DEFENDANTS 1-10, were negligent in the performance of their duties and this negligence caused the physical and mental injuries suffered by MACARENO.

58.   As a direct and proximate result of the aforesaid negligence, and carelessness of Defendants, and each of them, and as a result of their breach of duty of care to PAULINE MACARENO, Plaintiffs sustained injury and damage as alleged herein, in an amount to be proven at trial.

59.   GABRIELA MACARENO suffered serious emotional distress as a result of perceiving her mother PAULINE MACARENO being forced to the ground by HERMOSILLO and being assaulted by HERMOSILLO.

60.   HERMOSILLO negligently caused physical injury to PAULINE MACARENO causing MACARENO to seek medical treatment at Northridge Hospital.

61.   GABRIELA MACARENO was present at the scene of the incident, as officer HERMOSILLO used excessive force upon her mother.

62.    GABRIELA MACARENO was then aware that HERMOSILLO was causing injury to her mother.

63.     GABRIELA MACARENO suffered serious emotional distress; and officer HERMOSILLO's conduct was a substantial factor in causing GABRIELA's serious emotional distress.

64.     GABRIELA suffered anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

65.     As a minor child, GABRIELA suffered severe emotional distress and distress that reasonable person would be unable to cope with it.

## **FOURTH CAUSE OF ACTION**

### **VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; CALIFORNIA CONSTITUTION, ARTICLE 1, §13 (By Plaintiff PAULINE MACARENO against all Individual Defendants)**

66.     Plaintiffs reallege all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

67.     Plaintiff PAULINE MACARENO suffered the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to him by the Constitution of the State of California and the California Civil Code, § 52.1.

68.     During all times mentioned herein, individual Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY and LAUSD. Each of the individual Defendants herein, separately and in concert, deprived Plaintiff of the rights, privileges and

immunities secured to him by the Constitution of the State of California, Article 1, section 13, as well as the California Civil Code, § 52.1.

69.   Plaintiff MACARENO is informed, believe and therefore allege, that on or about January 12, 2017, Defendants, by their conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment of the decedents rights as secured by, inter alia, the Fourth Amendment to the United States Constitution, the laws of the United States, Article 1, § 13 of the California Constitution, California Civil Code § 52.1, and the laws of the State of California, including the Plaintiff's right to be free from bodily restraint and harm, free from unreasonable seizure, and free from excessive force.

70.   Defendants' conduct was in violation of Cal. Civ. Code § 52.1, and as a direct and proximate result of such violation, Plaintiff sustained injury and damage as alleged herein, in an amount to be proved.

## FIFTH CAUSE OF ACTION

### ASSAULT AND BATTERY
### (By Plaintiff PAULINE MACARENO Against All Defendants)

71.   Plaintiffs reallege all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

72.     The COUNTY, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT liable for the violations of its employees under California Government Code Section 815.2(a).

73.     HERMOSILLO and DOE Defendants, acting within the scope of their employment as law enforcement officers for the COUNTY, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT when they assaulted and battered PAULINE MACARENO causing her physical and mental injury.

74.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff sustained injury and damage as alleged herein, in an amount to be proved.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgement against Defendants, and each of them, according to proof, as follows:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Defendant, except the COUNTY, LAUSD, AND LOS ANGELES SCHOOL POLICE DEPARTMENT, in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988,

California Code of Civil Procedure § 1021.5 and any other applicable provision of law;

5. Such other relief as may be warranted or as is just and proper.

DATED: January 20, 2018                    Respectfully Submitted,


                                           /s/ *George G. Mgdesyan*
                                           George G. Mgdesyan, Esq.
                                           Attorney for Plaintiffs


## JURY DEMAND

Trial by jury of all issues is demanded.


DATED: January 20, 2018                    Respectfully Submitted,


                                           /s/ *George G. Mgdesyan*
                                           George G. Mgdesyan, Esq.
                                           Attorney for Plaintiffs